IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| States of North Dakota, Alaska, Arizona, Arkansas, Colorado, Idaho, Missouri, Montana, Nebraska, Nevada, South Dakota, and Wyoming; New Mexico Environment Department; and New Mexico State Engineer,<br><br>    Plaintiffs,<br><br>vs.<br><br>U.S. Environmental Protection Agency, Regina McCarthy in her official capacity as Administrator of the U.S. Environmental Protection Agency, U.S. Army Corps of Engineers, Jo Ellen Darcy in her official capacity as Assistant Secretary of the Army (Civil Works),<br><br>    Defendants. | Civil No. 3:15-cv-59<br><br>**ORDER LIMITING THE SCOPE OF PRELIMINARY INJUNCTION TO THE PLAINTIFFS** |

## I.  Summary of Decision

Courts have broad discretionary power in crafting a preliminary injunction, including the authority to provide for nationwide applicability of the injunction. It goes without saying, however, that the competence to act should not be conflated with the idea that it is propitious to act.  In the instant case, there are significant prudential reasons to limit the scope of the preliminary injunction to the entities actually before the court.  In particular, a court might decline to act further out of respect for the decision making authority of the other courts who have ruled on this issue; or out of respect for the states who desire the implementation of the "Clean Water Rule: Definition of Waters

1

of the United States"[1] ("Rule") as currently proposed by the Agencies; or even because the record before this court is not sufficiently complete to justify a broader application. Based on these considerations the court is of the opinion that the Agencies should be enjoined from enforcing the rule only to the immediate plaintiffs.

## II. Background

On August, 27, 2015, this court granted the plaintiffs' motion for preliminary injunction, preventing the Rule from taking effect.[2] Immediately thereafter, the federal defendants released a "CWR Litigation Statement," ("Statement") stating that they will respect the preliminary injunction regarding the 12 States and New Mexico's Environment Department and State Engineer, but will still enforce the Rule throughout the rest of the United States.[3] On August 28, 2015, plaintiffs filed a notice with the court of the Statement contending that the preliminary injunction is nationwide in scope and it enjoined the Agencies from enforcing the Rule nationally.[4] The court ordered the parties to file briefs on the matter.[5]

## III. Analysis

A district court has broad discretion in its power to shape a preliminary

---

[1] 80 Fed. Reg. 37054 - 37127.

[2] Doc. #70

[3] Doc. #73, ex. A.

[4] Doc. #73.

[5] Doc. #74.

injunction.[6] Equitable decrees, such as a preliminary injunction, "are a special blend of what is necessary, what is fair, and what is workable."[7] While a district court may exercise its discretion to extend injunctive power beyond the parties to the case, nothing requires the court to do so.[8]

The instant case presents a situation where the court declines to exercise its discretion to extend the preliminary injunction beyond the parties to the proceedings. Four courts have denied preliminary injunctions in cases on the issue before the court. Two courts denied preliminary injunctions because they found they lacked subject matter jurisdiction.[9] The remaining two courts deferred their decision until the Judicial Panel for Multidistrict Litigation decides on consolidation of the district court cases.[10] Seven states and the District of Columbia have moved to intervene on behalf of the Agencies in the consolidated matter before the Sixth Circuit.[11]

The court has fully explained its reasoning for the issuance of the injunction and

---

[6] See Lemon v. Kurtzman, 411 U.S. 192, 200 (1973) ("In shaping equity decrees, the trial court is vested with broad discretionary power."). See also Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs, 145 F.3d 1399, 1408 (D.C. Cir. 1998) ("[W]e note at the outset that district courts enjoy broad discretion in awarding injunctive relief.").

[7] Lemon, 411 U.S. at 200.

[8] See Steele v. Bulova Watch Co., 344 U.S. 280, 289 (1952) ("[T]he District Court in exercising its equity powers may command persons properly before it to cease or perform acts outside its territorial jurisdiction.")

[9] Murray Energy Corp. V. EPA, 1:15-cv-0110, Doc. #32 (N.D. W. Va., August 26, 2015); Georgia v. EPA, 2:15-cv-0079, Doc. #77 (S.D. Ga., August 27, 2015).

[10] Oklahoma ex re. Pruitt v. EPA, Nos. 15-cv-0381, 15-cv-0386, 2015 WL 4607903, at *4 (N.D. Okla., July 31, 2015).

[11] Doc. #76, attach. 1 (Motion by States of New York, Connecticut, Hawaii, Massachusetts, Oregon, Vermont, and Washington, and the District of Columbia, to Intervene in Support of Respondents in Docket No. 15-3751 and in Each of the Related Cases).

there are compelling reasons in favor of both extension of the injunction and limitation of the injunction.  On the one hand, there is a desirability for uniformity regarding a national rule with national application.  On the other hand, there is the idea of respecting the decisions of other courts and other sovereign states. As the matter is left to the sound discretion of the court, it suffices to recognize that the decision involves balancing the interests of competing sovereign entities, as well as undermining the ruling of other courts. Under these circumstances, the court declines to extend its decision beyond the entities that are actually parties in this litigation.

## IV.  Conclusion

Because there are competing sovereign interests and competing judicial rulings, the court declines to extend the preliminary injunction at issue beyond the entities actually before it.

**IT IS SO ORDERED.**

Dated this 4th day of September, 2015.

*/s/   Ralph R. Erickson*
Ralph R. Erickson, Chief District Judge
District of North Dakota
