# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| STATE OF NORTH DAKOTA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Defendants. | Civil Action No. 3:15-cv-00059 |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY LITIGATION PENDING ADMINISTRATIVE PROCEEDINGS

*Of Counsel:*
KARYN I. WENDELOWSKI
Attorney, Office of General Counsel
U.S. Environmental Protection Agency
Washington, D.C. 20460

CRAIG R. SCHMAUDER
Deputy General Counsel
Department of the Army
Washington, D.C. 20310

DAVID COOPER
Chief Counsel
U.S. Army Corps of the Engineers
Washington, D.C. 20314

JEFFREY H. WOOD
  *Acting Assistant Attorney General*
  Environment and Natural Resources Division
  United States Department of Justice

DANIEL R. DERTKE
AMY J. DONA
MARTHA C. MANN
  United States Department of Justice
  Environmental Defense Section
  P.O. Box 7611
  Washington, DC 20044
  T: (202) 514-0994
  daniel.dertke@usdoj.gov
  amy.dona@usdoj.gov
  martha.mann@usdoj.gov

DEVON L. McCUNE
  Natural Resources Section
  T: (303) 844-1487
  devon.mccune@usdoj.gov

*Counsel for Defendants*

## INTRODUCTION

The United States Environmental Protection Agency; Scott Pruitt, Administrator of the United States Environmental Protection Agency; the United States Army Corps of Engineers; and R.D. James, Assistant Secretary of the Army for Civil Works[1] (collectively, the "Agencies") respectfully request that the Court continue to hold this case in abeyance and stay all proceedings, including all briefing and filing deadlines, for one year, until February 8, 2019, with the possibility of extending the stay if warranted. The Agencies submit that it would be impractical and a waste of judicial and party resources to litigate this case at this time. The Agencies have initiated administrative proceedings that if finalized could moot the challenged action. Moreover, the administrative action challenged here has been enjoined by this Court so the Plaintiffs will not be harmed by a stay. Thus, there is good cause to hold this case in abeyance pending the completion of administrative proceedings.

## BACKGROUND

### I. Litigation Challenging the 2015 Rule.

Congress enacted the Clean Water Act ("CWA or Act"), 33 U.S.C. § 1251 *et seq.*, "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). Central to the Act is its general bar of "the discharge of any pollutant by any person," 33 U.S.C. § 1311(a), unless the person who discharges the pollutant "obtain[s] a permit and compl[ies] with its terms." *Middlesex Cnty. Sewerage Auth.* v. *National Sea Clammers Ass'n*, 453 U.S. 1, 11 (1981) (citation omitted). A "discharge of a pollutant" occurs when a

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Administrator Scott Pruitt has replaced former EPA Administrator Gina McCarthy, and Assistant Secretary of the Army (Civil Works) R.D. James has replaced former Assistant Secretary (Civil Works) of the Army Jo Ellen Darcy as parties.

person adds "any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12). "[N]avigable waters," in turn, are "the waters of the United States." 33 U.S.C. § 1362(7).

The agency action at issue here amended the CWA regulatory definition of "waters of the United States." 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule"). The Agencies had previously issued regulations that defined the term, *see* 42 Fed. Reg. 37,122, 37,124 and 37,127 (July 19, 1977); 51 Fed. Reg. 41,206, 41,216-17 (Nov. 13, 1986), but the Supreme Court had held that the Agencies' application of that definition was overbroad in some respects, *Solid Waste Agency* v. *United States Army Corps of Eng'rs*, 531 U.S. 159 (2001). In addition, the 1986 regulations did not provide detailed guidance for determining whether particular wetlands were CWA-protected "waters of the United States." *See Rapanos* v. *United States*, 547 U.S. 715, 782 (2006) (Kennedy, J., concurring in the judgment). Several Members of the Supreme Court accordingly suggested that the agencies "clarif[y] * * * the reach" of the statute by further developing a definition of the term "waters of the United States." *Sackett* v. *EPA*, 566 U.S. 120, 133 (2012) (Alito, J., concurring); *see Rapanos*, 547 U.S. at 757-758 (Roberts, C.J., concurring); 547 U.S. at 811-812 (Breyer, J., dissenting).

Soon after the promulgation of the 2015 Rule, numerous parties, including Plaintiffs, challenged the 2015 Rule in the courts of appeals, invoking the authorization for direct court of appeals review in 33 U.S.C. § 1369(b)(1). Those challenges were consolidated in the Sixth Circuit, which issued a nationwide stay of the 2015 Rule pending further proceedings. *In re EPA and Dept. of Defense Final Rule,* 803 F.3d 804 (6th Cir. 2015). The Sixth Circuit also ruled that its jurisdiction was proper. *In re Dept. of Defense*, 817 F.3d 261 (6th Cir. 2016), *rev'd and remanded, Nat'l Ass'n of Manufacturers v. Dep't of Defense,* No. 16-299, __S. Ct. __, 2018 WL 491526 (S. Ct. Jan. 22, 2018).

Meanwhile, a number of parallel actions seeking judicial review of the 2015 Rule were filed in district courts throughout the country. Plaintiffs filed this action seeking review of the Rule on June 29, 2015, ECF No. 1, and on August 27, 2015, this Court issued a preliminary injunction reaching the 13 States that are Plaintiffs here, ECF No. 70; *see also* ECF No. 79 (clarifying scope of injunction). This Court stayed the litigation on May 24, 2016, after the Sixth Circuit held that it had jurisdiction to review the consolidated petitions for review of the 2015 Rule. Pending before this Court at that time were contested motions to complete the administrative record (ECF Nos. 104, 110, 124, 128) and to intervene (ECF No. 111, 127, 129, 133, 136).

On January 22, 2018, the Supreme Court issued a decision, holding that the 2015 Rule falls outside the scope of agency actions directly reviewable in the courts of appeals under 33 U.S.C. § 1369(b)(1). *See Nat'l Ass'n of Manufacturers v. Dep't of Defense*, No. 16-299, 2018 WL 491526 (S. Ct. Jan. 22, 2018). The Agencies promptly notified this Court and the parties of the Supreme Court's decision. The Agencies recommended that because a rehearing petition could be filed in the Supreme Court up to 25 days after entry of judgment, Sup. Ct. R. 44, this Court not take any further action until the Supreme Court sends its judgment to the Sixth Circuit, in accordance with Supreme Court Rule 45.2. ECF No. 163.

**II.    Administrative Proceedings to Rescind or Replace the 2015 Rule.**

On February 28, 2017, the President of the United States issued an Executive Order directing the Agencies to reconsider the 2015 Rule. Exec. Order No. 13,778, 82 Fed. Reg. 12,497 (Mar. 3, 2017). The Executive Order declared it to be "in the national interest to ensure that the Nation's navigable waters are kept free from pollution, while at the same time promoting economic growth, minimizing regulatory uncertainty, and showing due regard for the roles of the

Congress and the States under the Constitution." *Id.* § 1. It directed the Agencies to review the 2015 Rule for consistency with those objectives, and it instructed the agencies to "publish for notice and comment a proposed rule rescinding or revising the rule, as appropriate and consistent with law." *Id.* § 2(a).

The Agencies subsequently issued a notice of proposed rulemaking entitled "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules." 82 Fed. Reg. 34,899 (July 27, 2017) ("proposed Recodification Rule"). That notice proposes to rescind the 2015 Rule and to recodify the 1986 regulatory definition of "waters of the United States" before beginning a new rulemaking process concerning the term. The comment period on the proposed Recodification Rule has ended, and the Agencies are currently reviewing public comments on the proposal.

The Agencies have also initiated administrative proceedings to replace the 2015 WOTUS Rule with a new rule defining the scope of "waters of the United States." Attachment 1, Declaration of D. Lee Forsgren ("Forsgren Decl.") at ¶¶ 5-6, 9-14, 16; Attachment 2, Declaration of Ryan A. Fisher ("Fisher Decl.") at ¶¶ 5-6, 9-14, 16. The Agencies have held multiple stakeholder meetings to inform the Agencies' development of a proposed replacement. Forsgren Decl. at ¶¶ 10-13; Fisher Decl. at ¶¶ 10-13. The next steps in that administrative process include publication of a proposed rule, a period of public comment, and interagency coordination to address public comments and to publish a final rule. Forsgren Decl. at ¶¶ 14-17; Fisher Decl. at ¶¶ 14-17.

In addition, in November 2017, the Agencies published and solicited public comment on a proposal to establish an applicability date for the 2015 Rule. 82 Fed. Reg. 55,542 (Nov. 22, 2017). On February 6, 2018, the Agencies published the final rule, which adds an applicability

date of February 6, 2020, to the 2015 Rule. 83 Fed. Reg. 5200 ("2018 Rule"). As the Agencies explained in finalizing the 2018 Rule, the addition of the 2020 applicability date is intended "to provide clarity and certainty about the definition of "waters of the United States" for an interim period while they continue to work on the two-step rulemaking process." *Id*. The Agencies further explained that they selected a two-year period because that could reasonably accommodate the multiple steps contemplated for recodifying the regulations that pre-existed the 2015 Rule or replacing the 2015 Rule with a new rule. *Id*. at 5206.

The Agencies promptly notified the Court and the parties of each of these administrative actions. ECF Nos. 159, 161, 172. A subset of Plaintiffs have now moved to lift the stay and to establish a schedule for the litigation. ECF No. 165. The Agencies are contemporaneously filing a response to that motion.

## ARGUMENT

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256. The Supreme Court has repeatedly held that federal courts may hold litigation in abeyance where there are strong countervailing interests against further proceedings, such as "wise judicial administration." *Id*.; *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (citation omitted).

Several significant interests favor abeyance. First, the related principles of avoiding unnecessary litigation and of conserving judicial and party resources would both be served by a stay. The certified administrative record for the 2015 Rule is extensive—over 350,000 pages—and comprehensive, containing over 20,400 documents and over one million comments compiled

5

during the rulemaking.  Given the size of this record, resolution of the contested motion to complete the administrative record (ECF Nos. 104, 110, 124, 128), and briefing and resolution of the challenges to the merits of the 2015 Rule would require substantial judicial and party resources.  Additionally, the Court would need to resolve a contested motion to intervene (ECF Nos. 111, 127, 129, 133, 136).   It is not necessary for the Court or the parties to expend these resources.  Because the Agencies are reconsidering the 2015 Rule, the 2015 Rule is currently enjoined by this Court, and a February 2020 applicability date has been added to the 2015 Rule, it would be a waste of judicial and party resources to complete briefing and for the Court to rule on these motions or on the merits of the 2015 Rule at this time.  Furthermore, if the Agencies' ongoing administrative proceedings result in a replacement to the 2015 Rule, such changes would moot this case.  Thus, judicial efficiency would be best served by continued abeyance of this litigation.

A stay of the litigation would also promote the important interest of open-minded administrative decision-making.  *See, e.g., Rural Cellular Ass'n v. FCC*, 588 F.3d 1095, 1101 (D.C. Cir. 2009) ("an agency must also remain sufficiently open-minded").  The Supreme Court has repeatedly held that Agencies have inherent authority to reconsider past decisions and to revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation.  *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *see also Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) (agency interpretations not "carved in stone" and may be re-evaluated, for example, "in response to . . . a change in administrations").  An abeyance of this litigation during the administrative reconsideration process will allow that process to proceed unhindered without diverting limited Agency resources for litigation.

In service of these important interests, courts frequently hold litigation in abeyance when the challenged administrative action is the subject of ongoing administrative reconsideration proceedings. *E.g., Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012) (challenge to regulation of hazardous secondary materials under RCRA stayed in light of agency proposal for new rulemaking); *Basinkeeper v. Mallard Basin Inc.*, No. 6:10-CV-1085, 2012 WL 13041531, at *4 (W.D. La. Mar. 15, 2012) (challenge to agency permit stayed as "there [wa]s little to be gained by pressing on with th[e] litigation during the reconsideration/review process"); *cf. City of Osceola, Ark. v. Entergy Arkansas, Inc.*, 791 F.3d 904, 908-09 (8th Cir. 2015) (litigation stayed under the primary jurisdiction doctrine pending agency decision on issue within agency's expertise). For instance, under markedly similar circumstances, the Court of Appeals for the District of Columbia Circuit recently granted an abeyance in a challenge to an EPA regulation after the agency initiated a review of the rule in accordance with an Executive Order. *North Dakota v. EPA,* Case No. 15-1381 (D.C. Cir.), Doc. No. 1688176 (Attachment 3, Order holding case in abeyance) and *id.,* Doc. No. 1668276 (Attachment 4, EPA motion requesting abeyance in light of agency review of rule).

A stay of judicial proceedings pending further administrative action by the Agencies also comports with fundamental principles of ripeness. The ripeness doctrine generally addresses when a federal court can or should decide a case. Part of the doctrine is subsumed into the Article III requirement of standing, which requires a petitioner to allege *inter alia* an injury-in-fact that is "imminent" or "certainly impending." *See Nat'l Treasury Emps. Union v. United States,* 101 F.3d 1423, 1427–28 (D.C. Cir. 1996). However, even if a case is constitutionally "ripe," there may also be "prudential reasons for refusing to exercise jurisdiction." *Nat'l Park Hospitality Ass'n v. Dep't of Interior,* 538 U.S. 803, 808 (2003) (citation and internal quotation

7

marks omitted); *see also Minnesota Pub. Utilities Comm'n. v. FCC*, 483 F.3d 570, 582 (8th Cir. 2007) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotations and citations omitted). "In the context of agency decision making, letting the administrative process run its course before binding parties to a judicial decision prevents courts from 'entangling themselves in abstract disagreements over administrative policies, and … protect[s] the agencies from judicial interference' in an ongoing decision-making process." *Am. Petroleum Inst.*, 683 F.3d at 386–87 (citing *Abbott Labs. v. Gardner,* 387 U.S. 136, 148 (1967)). Postponing review can also conserve judicial resources, and it "comports with [a court's] theoretical role as the governmental branch of last resort." *Nat'l Treasury Emps. Union,* 101 F.3d at 1431.

As explained above, the Agencies have issued a proposed Recodification Rule, which would rescind the 2015 Rule and recodify the regulations that pre-existed the 2015 Rule. 82 Fed. Reg. 34,899. All of the Plaintiffs here, among other challengers of the 2015 Rule, submitted comments supporting the proposal. *See* Attachment 5 (state comment letters). In addition, in accordance with the President's directive, the Agencies are preparing a proposal that would, if finalized, replace the 2015 Rule and the pre-existing regulations with a new definition of the scope of "waters of the United States," and Plaintiffs will have the opportunity to comment on that proposal as well. Forsgren Decl. at ¶¶ 6, 9, 16; Fisher Decl. at ¶¶ 6, 9, 16. If the Agencies finalize either (or both) of these contemplated rules, this case may very well become moot. *Am. Petroleum Inst. v. EPA*, 683 F.3d at 387 (staying litigation when "[t]he proposed rule would wholly eliminate" the issues in this litigation.). Allowing the administrative process to run its course will allow the Agencies to "crystalliz[e] [their] policy before that policy is subjected to judicial review," *Wyo. Outdoor Council v. U.S. Forest Service*, 165 F.3d 43, 49 (D.C. Cir. 1999),

and avoid "inefficient" and unnecessary "piecemeal review," *Pub. Citizen Health Research Grp. v. Comm'r, Food & Drug Admin*, 740 F.2d 21, 30 (D.C. Cir. 1984) (citation and internal quotation marks omitted).

To outweigh these "institutional interests in the deferral of review," any hardship caused by that deferral must be "immediate and significant." *Devia v. Nuclear Regulatory Comm'n*, 492 F.3d 421, 427 (D.C. Cir. 2007) (citation and internal quotation marks omitted); *see also Pub. Water Supply Dist. No. 10 of Cass Cnty. v City of Peculiar*, 345 F.3d 570, 572–73 (8th Cir. 2003) ("injury must be certainly impending" to satisfy ripeness hardship prong) (internal quotations and citation omitted). But these Plaintiffs will not suffer harm by continuing the stay of this litigation. This Court has already enjoined the 2015 Rule in the 13 States that are Plaintiffs here. In addition, the applicability date of the 2015 Rule has been extended until February 6, 2020. Further, merits briefing has not yet commenced and the requested abeyance will preserve Plaintiffs' challenges and the parties' respective positions while the Agencies complete the administrative proceedings. The Agencies are unaware of any hardship Plaintiffs will suffer if the requested extension of the stay is granted, much less a hardship that would outweigh the interests in allowing the administrative proceedings to run their course.

The one-year stay requested in this motion is bound by reasonable limits on duration and purpose and therefore is not "immoderate." *See Landis*, 299 U.S. at 256. As discussed above, the Agencies are diligently moving forward with the administrative proceedings, mindful of the procedural requirements and substantive considerations involved. Forsgren Decl. at ¶¶ 5-16; Fisher Decl. at ¶¶ 5-16; *cf. Rural Cellular*, 588 F.3d at 1101 (agencies must remain sufficiently open-minded during rulemaking process). It is not possible to prejudge the time necessary to address public comments, especially in interagency administrative proceedings such as these.

But given typical timeframes for the tasks that lay before the Agencies, the Agencies anticipate administrative proceedings will be complete within two years, though they are endeavoring to move more quickly than that.  Forsgren Decl. at ¶¶ 15-16; Fisher Decl. at ¶¶ 15-16.  Thus, the Agencies' request of a one-year stay of the litigation, until February 8, 2019, with the possibility of an extension if the circumstances so warrant, is well-tailored to the circumstances here.

## CONCLUSION

For the foregoing reasons, the Court should issue an order extending the abeyance of this litigation in abeyance for one year, until February 8, 2019, with the possibility of further extension pending completion of administrative proceedings, and ordering the Agencies to submit status reports every 120 days during the abeyance period.

Respectfully submitted,

DATED: February 8, 2018

JEFFREY H. WOOD
  *Acting Assistant Attorney General*
  Environment and Natural Resources Division
  United States Department of Justice

*Of Counsel:*
KARYN I. WENDELOWSKI
Attorney, Office of General Counsel
U.S. Environmental Protection Agency
Washington, D.C. 20460

CRAIG R. SCHMAUDER
Deputy General Counsel
Department of the Army
Washington, D.C. 20310

DAVID COOPER
Chief Counsel
U.S. Army Corps of the Engineers
Washington, D.C. 20314

*/s/ Amy J. Dona*
DANIEL R. DERTKE
AMY J. DONA
MARTHA C. MANN
  United States Department of Justice
  Environmental Defense Section
  P.O. Box 7611
  Washington, DC 20044
  T: (202) 514-0994
  daniel.dertke@usdoj.gov
  amy.dona@usdoj.gov
  martha.mann@usdoj.gov

DEVON L. McCUNE
  Natural Resources Section
  T: (303) 844-1487
  devon.mccune@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2018, I filed the foregoing DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY LITIGATION PENDING ADMINISTRATIVE PROCEEDINGS using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

　　　　　　　　　　　　　　　　　　　　　*/s/ Amy J. Dona*