## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| States of North Dakota, Alaska, Arizona, Arkansas, Colorado, Idaho, Missouri, Montana, Nebraska, Nevada, South Dakota, and Wyoming; New Mexico Environment Department; and New Mexico State Engineer, </br></br>            Plaintiffs,</br></br>and Kimberly K. Reynolds, Governor of the State of Iowa,</br></br>            Plaintiff-Intervenor,</br></br>vs.</br></br>U.S. Environmental Protection Agency; Scott Pruit, in his official capacity as Administrator of the U.S. Environmental Protection Agency; U.S. Army Corps of Engineers; and R.D. James, in his official capacity as Assistant Secretary of the Army (Civil Works),</br></br>            Defendants. | Case No. 3:15-cv-59</br></br>**ORDER** |

Plaintiffs—twelve states and two agencies of a thirteenth state—seek judicial review of a final regulation promulgated under the Clean Water Act (CWA). A May 24, 2016 order stayed the case pending a decision on whether jurisdiction to review the regulation was proper in the district courts or in the circuit courts. (Doc. #156). On January 22, 2018, the Supreme Court held that district courts have jurisdiction to review the regulation. Nat'l Ass'n of Mfrs. v. Dep't of Def., 138 S.Ct. 617 (2018). Subsequent to the Supreme Court's decision, this court lifted the May 2016 stay and denied the defendants' motion for a stay pending further administrative proceedings. (Doc. #185).

**Discussion**

**1.    Completion of Administrative Record**

Before the stay was ordered, the plaintiffs had filed a motion seeking completion of the administrative record, which asserted that the certified record filed by defendants omitted certain documents. (Doc. #104). Given the time that had elapsed since the plaintiffs filed that motion, the order which lifted the stay allowed the parties time to file supplemental briefs concerning the motion.

The parties then stipulated that the defendants would file a revised certified index to the administrative record and that the plaintiffs would withdraw their motion to complete the administrative record. The revised certified index is described as "identical in substance" to that filed in the Court of Appeals for the Sixth Circuit in related litigation. (Doc. #190, p. 1). In accordance with the parties' stipulation, on April 16, 2018, the defendants filed the revised certified index to the record. (Doc. #195). The plaintiffs' motion concerning completion of the administrative record is, therefore, **MOOT**.

**2.    Motion to Intervene**

Prior to the May 2016 stay, the Sierra Club had moved to intervene as a defendant. (Doc. #111). The motion claimed intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2) and asserted a right to advocate for a position distinct from that advanced by either the plaintiffs or the defendants. (Doc. #112, p. 6). At the time the Sierra Club filed that motion, the plaintiffs opposed it, (Doc. #127), and the defendants took no position on it.

The order lifting the stay allowed the parties time to file supplemental briefs

concerning the motion to intervene. The plaintiffs and the Sierra Club then reached an agreement, under which the plaintiffs no longer oppose the intervention provided that the Sierra Club's intervention be "for defensive purposes only in relation to claims raised against the WOTUS Rule" and that the Sierra Club "not raise claims as a plaintiff" concerning the WOTUS Rule. (Doc. # 189).

The Sierra Club filed a supplemental brief, asserting that, "in light of the change in administration and the defendant agencies' new policy direction, Sierra Club is not adequately represented by the existing parties." (Doc. #187, p. 2). The defendants have made no supplemental filings, so the court assumes they maintain their "no position" stance.

There being no current objection, the Sierra Club's motion to intervene as a defendant is **GRANTED** subject to the limitations of the stipulation of record. (Doc. #189).

### 3.     Scheduling Plan

The order lifting the stay also directed the parties to confer regarding a proposed scheduling plan. The parties conferred but did not agree on a scheduling plan.

The plaintiffs request:

(1)     that their merits brief be due within thirty days of orders regarding the motions concerning the administrative record and concerning the Sierra Club's proposed intervention;

(2)     that the defendants and the defendant-intervenor file responsive briefs within twenty-one days of the plaintiffs filing their brief;

(3)     that the plaintiffs' reply brief be due no more than fourteen days after the

>  defendants and defendant-intervenor file their briefs; and
>
> (4) that a hearing on the merits be scheduled expeditiously after merits briefing is completed.

(Doc. #193). The Sierra Club agrees with the plaintiffs' position on the scheduling order. (Doc. #189).

The defendants request that no scheduling order be issued until the chief district judge's decision on a pending appeal of the order denying a continued stay. If a scheduling order is issued prior to the chief judge's decision on the appeal, the defendants request that, within fifteen days of a decision on the Sierra Club's motion to intervene:

> (1) the defendants file a status update concerning developments in the pending administrative proceedings and in the related litigation which is pending in other districts;
>
> (2) the parties, including the intervenor, confer again regarding a proposed schedule to resolve the merits of the case; and
>
> (3) the parties either file a joint proposed schedule, or submit their separate proposed schedules.

Alternatively, the defendants request that plaintiff-intervenors be required to file their brief within fourteen days after plaintiffs' brief and that the defendants' response to the plaintiffs' brief be due no earlier than sixty days after the brief of the plaintiff-intervenors. (Doc. #191).

Given their lack of agreement to date, the court has no reason to think that additional time to confer will lead to the parties submitting a joint proposed schedule.

And the defendants are free to update the court concerning the administrative process and other litigation at any time. But, if the parties are required to complete briefing prior to a decision on the pending appeal to the chief district judge and if that decision is reversed, the parties will have expended considerable resources unnecessarily. The court, therefore, orders that, <u>if the March 23, 2018 order is affirmed on appeal</u>:

(1) The plaintiffs and the plaintiff-intervenor shall file their merits briefs within thirty days of the chief district judge's decision on the pending appeal of the March 23, 2018 order.

(2) The defendants' response, which may include a cross-motion for summary judgment, shall be filed within forty-five days of filing of the plaintiffs' and plaintiff-intervenor's merits briefs.

(3) The plaintiffs may file a reply brief within fourteen days of filing of the briefs of the defendants and the defendant-intervenor.

(4) Unless prior permission is requested and granted, no brief shall exceed the page limits set forth in Civil Local Rule 7.1.

**IT IS SO ORDERED**.

Dated this 19th day of April, 2018.

>　　　　　　　　　　　　　　　　　　*/s/ Alice R. Senechal*
>　　　　　　　　　　　　　　　　　　Alice R. Senechal
>　　　　　　　　　　　　　　　　　　United States Magistrate Judge