# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:15-cv-00059-PDW-ARS |
| UNITED STATES | ) | |
| ENVIRONMENTAL PROTECTION | ) | |
| AGENCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COALITION OF ARIZONA/NEW MEXICO COUNTIES FOR STABLE ECONOMIC GROWTH'S COMPLAINT IN INTERVENTION

Pursuant to Federal Rule of Civil Procedure 8, Defendants the United States Environmental Protection Agency ("EPA"), Andrew R. Wheeler, Administrator of the United States Environmental Protection Agency, the Department of the Army, U.S. Army Corps of Engineers ("Corps"), and R.D. James, Assistant Secretary of the Army for Civil Works (collectively "Federal Defendants"), through the undersigned counsel, respectfully answer the Complaint in Intervention of Plaintiff-Intervenor Coalition of Arizona/New Mexico Counties for Stable Economic Growth in the above-captioned action.

The headings and subheadings within the Complaint in Intervention do not contain allegations that require a response. To the extent a response could be required, the allegations contained in the headings and subheadings are denied.

1. The allegations in Paragraph 1 characterize the contents of the Complaint in Intervention; Federal Defendants aver that this document speaks for itself, is the best evidence of its contents, and no response is required.

2. The allegations in the first sentence in Paragraph 2 characterize the contents of the Complaint in Intervention; Federal Defendants aver that this document speaks for itself, is the

best evidence of its contents, and no response is required.  The allegations in the second sentence in Paragraph 2 are conclusions of law that require no response.  To the extent a response could be required, as set forth in the rule entitled "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("Repeal Rule"), Federal Defendants admit only that the rule entitled "Clean Water Rule: Definition of 'Waters of the United States,'" 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule") exceeded the legal limits on the scope of the Agencies' jurisdiction under the Clean Water Act as intended by Congress and as reflected in Supreme Court cases, including Justice Kennedy's articulation of the significant nexus standard in *Rapanos v. United States* and *Carabell v. United States*, 547 U.S. 715 (2006) ("*Rapanos*"); any remaining allegations in the second sentence are denied.  The allegations in the third sentence in Paragraph 2 characterize the contents of the Complaint in Intervention; Federal Defendants aver that this document speaks for itself, is the best evidence of its contents, and no response is required.  As to the fourth sentence, Federal Defendants admit that federal district courts have issued preliminary injunctions of the 2015 Rule and that these injunctions presently apply in more than half of the states.  Federal Defendants further admit that this Court has enjoined the 2015 Rule in at least part of New Mexico but aver that the scope of the Court's injunction in that State is unclear at this time.

3.   The allegations in Paragraph 3 are conclusions of law that require no response.

4.   The allegations in Paragraph 4 are conclusions of law that require no response.

5.   The allegations in Paragraph 5 are conclusions of law that require no response.

6.   The allegations in Paragraph 6 are conclusions of law that require no response.

7.   The allegations in the first sentence of Paragraph 7 characterize the complaint and amended complaint filed by the original Plaintiff States; those documents speak for themselves

and are the best evidence of their contents and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent they are inconsistent with those pleadings.  As to the second sentence, Federal Defendants admit that the State of Iowa has been granted intervention as a Plaintiff-Intervenor and that eleven other states are currently Plaintiffs in this case, and deny any remaining allegations.

8.   In response to the allegations in Paragraph 8, Federal Defendants admit that, on May 14, 2019, the Court granted the requests to withdraw as Plaintiffs in this litigation by the State of Colorado and two state agencies of New Mexico.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and therefore deny them.

9.   Federal Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 9, and therefore deny them.

10.   The allegations in Paragraph 10 are conclusions of law that require no response.  They also purport to quote from and characterize a State of New Mexico Court of Appeals decision, which speaks for itself and is the best evidence of its contents; to the extent a response could be required, Federal Defendants deny the allegations to the extent they are inconsistent with the decision.

11.   The allegations in Paragraph 11 contain conclusions of law that require no response; they also purport to quote from and characterize a State of New Mexico state court decision, which speaks for itself and is the best evidence of its contents; to the extent a response could be required, Federal Defendants deny the allegations to the extent they are inconsistent with the decision.

12.    Federal Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 12, and therefore deny them.

13.    In response to the allegations in Paragraph 13, Federal Defendants admit that EPA is a federal agency of the United States and that EPA administers provisions of the Clean Water Act. Federal Defendants admit that the 2015 Rule was jointly promulgated by EPA and the Corps.

14.    Federal Defendants admit the allegations in Paragraph 14.

15.    In response to the allegations in Paragraph 15, Federal Defendants admit that the Corps is a federal agency of the United States and that the Corps administers provisions of the Clean Water Act.  Federal Defendants admit that the Army jointly issued the 2015 Rule.

16.    Federal Defendants admit the allegations in Paragraph 16.

17.    The allegations in Paragraph 17 contain conclusions of law that require no response; they also characterize the contents of identified and unidentified Supreme Court opinions; Federal Defendants aver that these documents speak for themselves, are the best evidence of their contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the documents.

18.    The allegations in the first sentence of Paragraph 18 characterize provisions of the Rivers and Harbors Act; Federal Defendants aver that the statute speaks for itself, is the best evidence of its contents, and no response is required.  The allegations in the second sentence are conclusions of law that require no response.  To the extent that Paragraph 18 could be deemed to contain factual allegations, those allegations are denied to the extent they are inconsistent with Section 10 of the Rivers and Harbors Act.

19.    The allegations in the first sentence of Paragraph 19 are vague and ambiguous as to the meaning of "significant amendments"; Federal Defendants admit only that the Clean Water Act

was amended in 1972 and lack knowledge or information sufficient to form a belief about the remaining allegations, and therefore deny them.  The allegations in sentences 2-5 are conclusions of law that require no response, but to the extent sentences 2-5 are deemed to contain factual allegations, those allegations are denied to the extent they are inconsistent with the Clean Water Act.

20.    The allegations in Paragraph 20 characterize provisions of the Clean Water Act; Federal Defendants aver that the statute speaks for itself, is the best evidence of its contents, and no response is required.  Any remaining allegations are conclusions of law that require no response.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the statute.

21.    The allegations in the first sentence of Paragraph 21 are conclusions of law that require no response; they also characterize the Clean Water Act, which is a federal statute that speaks for itself, is the best evidence of its contents, and no response is required.  The allegations in the second sentence of Paragraph 21 are conclusions of law that require no response.  The allegations in the second sentence also characterize the legislative history of the Clean Water Act and a Supreme Court opinion; Federal Defendants aver that the legislative history and opinion speak for themselves, are the best evidence of their contents, and no response is required.  The allegations in the third sentence are conclusions of law that require no response.  The allegations in the fourth sentence characterize the Flood Control Act of 1936; Federal Defendants aver that the Act speaks for itself, is the best evidence of its contents, and no response is required.  To the extent that Paragraph 21 could be deemed to contain factual allegations, those allegations are denied to the extent that they are inconsistent with the referenced statutes, legislative history, or Supreme Court opinion.

22.    The allegations in Paragraph 22 consist of conclusions of law that require no response, and characterizations of the Clean Water Act, which speaks for itself, is the best evidence of its contents, and requires no response.  Paragraph 22 is also vague and ambiguous as to the meaning of "intelligible principle."  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the statute.

23.    The allegations in Paragraph 23 are conclusions of law that require no response.  They also characterize provisions of the Clean Water Act; Federal Defendants aver that the statute speaks for itself, is the best evidence of its contents, and no response is required.  To the extent Paragraph 23 could be deemed to contain factual allegations, those allegations are denied to the extent that they are inconsistent with the statute.

24.    The allegations in Paragraph 24 are conclusions of law that require no response.  To the extent that Paragraph 24 could be deemed to contain factual allegations, those allegations are denied to the extent that they are inconsistent with the Clean Water Act.

25.    The first and second sentences of Paragraph 25 characterize the Clean Water Act and information at an EPA website; Federal Defendants aver that the statute and website speak for themselves, are the best evidence of their contents, and no response is required.  Federal Defendants deny the allegations to the extent that they are inconsistent with the statute or website.  The allegations in the third sentence of Paragraph 25 consist of conclusions of law that require no response.  To the extent a response could be required, Federal Defendants lack knowledge or information regarding Plaintiff-Intervenor's actions sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 25, and therefore deny them.

26.    The first and second sentences of Paragraph 26 are conclusions of law that require no response, but to the extent that these sentences are deemed to contain factual allegations, those

allegations are denied to the extent they are inconsistent with the Clean Water Act.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 26, and therefore deny them.

27.    The first and second sentences of Paragraph 27 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is required.  Federal Defendants deny the allegations to the extent that they are inconsistent with the regulation.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 27, and therefore deny them.

28.    The first sentence of Paragraph 28 characterizes the Clean Water Act; Federal Defendants aver that the statute speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations in the first sentence to the extent that they are inconsistent with the statute.  The allegations in the second sentence of Paragraph 28 consist of conclusions of law that require no response.  To the extent a response could be required, Federal Defendants lack knowledge or information regarding Plaintiff-Intervenor's actions sufficient to form a belief as to the allegations in the second sentence of Paragraph 28, and therefore deny them.

29.    The allegations in Paragraph 29 are conclusions of law that require no response.  They also characterize a provision of the National Environmental Policy Act; Federal Defendants aver that the statute speaks for itself, is the best evidence of its contents, and no response is required. To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the statute.

30.    The allegations in Paragraph 30 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the regulation.

31.    The allegations in Paragraph 31 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the regulation.

32.    The allegations in Paragraph 32 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the regulation.

33.    The allegations in Paragraph 33 contain conclusions of law that require no response; they also characterize a federal statute and an opinion of the Eighth Circuit Court of Appeals; Federal Defendants aver that the statute and opinion speak for themselves, are the best evidence of their contents, and no response is required.  Federal Defendants deny the allegations to the extent that they are inconsistent with the statute or opinion.

34.    In response to the allegations in the first sentence of Paragraph 34, Federal Defendants admit only that the Army adopted regulations defining "navigable waters" under the Clean Water Act in 1974.  The allegations in the second clause of the first sentence state a conclusion of law that requires no response.  The remaining allegations in the first sentence characterize a Federal Register Notice and two Supreme Court decisions; those documents speak for themselves, are the best evidence of their contents, and no response is required.  The allegations in the second

sentence of Paragraph 34 contain conclusions of law that require no response; they also characterize a decision of the U.S. District Court for the District of Columbia: that document speaks for itself, is the best evidence of its contents, and no response is required. The allegations in the third sentence of Paragraph 34 contain conclusions of law that require no response; they also characterize a Supreme Court decision; that decision speaks for itself, is the best evidence of its contents, and no response is required. To the extent a response could be required, Federal Defendants deny the allegations in Paragraph 34 to the extent that they are inconsistent with the referenced documents.

35.    In response to the allegations in the first clause of the first sentence of Paragraph 35, Federal Defendants admit only that the United States did not appeal the decision in *Natural Resources Defense Council, Inc. v. Callaway*, 392 F. Supp. 685 (D.D.C. 1975), and that the Army issued regulations in 1975, 1977, and 1982; Federal Defendants deny any remaining allegations. The allegations in the second clause of the first sentence are vague and ambiguous as to the meaning of "significantly broader." The allegations in the second clause of the first sentence and the allegations in the second sentence of Paragraph 35 characterize regulations adopted in 1975, 1977, and 1982; any such regulations speak for themselves, are the best evidence of their contents, and no response is required. The allegations in the second sentence of Paragraph 35 also characterize a decision of the Supreme Court; that decision speaks for itself, is the best evidence of its contents, and no response is required. To the extent a response could be required, Federal Defendants deny the remaining allegations in Paragraph 35 to the extent that they are inconsistent with the referenced regulations or Supreme Court decision.

36.    Federal Defendants admit that the Supreme Court decided *United States v. Riverside Bayview Homes*, 474 U.S. 121 (1985), in 1985. The remaining allegations in Paragraph 36

contain conclusions of law that require no response; they also characterize that decision of the Supreme Court; that decision speaks for itself, is the best evidence of its contents, and no response is required. To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the referenced Supreme Court decision.

37.    The allegations in Paragraph 37 characterize federal regulations; those regulations speaks for themselves, are the best evidence of their contents, and no response is required. To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the regulations.

38.    There is no allegation made in Paragraph 38, so no response is required.

39.    The allegations in Paragraph 39 characterize a Federal Register Notice; Federal Defendants aver that the Notice speaks for itself, is the best evidence of its contents, and no response is required. To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the Federal Register Notice.

40.    The first sentence of Paragraph 40 is vague and ambiguous as to the meaning of "two subsequent adverse Supreme Court decisions." The remaining allegations in Paragraph 40 contain conclusions of law that require no response; they also characterize three decisions of the Supreme Court; Federal Defendants aver that the decisions speak for themselves, are the best evidence of their contents, and no response is required. To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the decisions.

41.    The allegations in Paragraph 41 contain conclusions of law that require no response; they also characterize a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required. To the extent a

response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the decision.

42.     The allegations in Paragraph 42 contain conclusions of law that require no response; they also characterize a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the decision.

43.     The allegations in Paragraph 43 contain conclusions of law that require no response; they also characterize a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the decision.

44.     The allegations in Paragraph 44 contain conclusions of law that require no response; they also characterize a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the decision.

45.     The allegations in Paragraph 45 contain conclusions of law that require no response; they also characterize a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the decision.

46.     In response to the first sentence of Paragraph 46, Federal Defendants admit only that EPA and the Army jointly issued a rule entitled "Clean Water Rule: Definition of 'Waters of the United States,'" 80 Fed. Reg. 37,054 (June 29, 2015).  The remaining allegations in the first sentence of Paragraph 46 characterize a Federal Register Notice and federal regulation; Federal Defendants aver that the Notice and regulation speak for themselves, are the best evidence of their contents, and no response is required.  Federal Defendants deny the remaining allegations in Paragraph 46 to the extent that they are inconsistent with the Federal Register Notice and regulation.

47.     Admitted.

48.     Admitted.

49.     The allegations in the first sentence of Paragraph 49 characterize a Final Environmental Assessment and Finding of No Significant Impact dated May 26, 2015; Federal Defendants aver that the document speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations in the first sentence to the extent that they are inconsistent with the document.  Federal Defendants admit the allegations in the second sentence of Paragraph 49.

50.     The allegations in Paragraph 50 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the regulation.

51.     The allegations in Paragraph 51 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is

required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the regulation.

52.    The allegations in Paragraph 52 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the regulation.

53.    The allegations in Paragraph 53 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the regulation.

54.    The allegations in Paragraph 54 characterize a federal regulation; Federal Defendants aver that the regulation speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the regulation.

55.    In response to the first sentence of Paragraph 55, Federal Defendants aver that "numerous substantive comments" is vague and ambiguous; Federal Defendants admit only that comments "were submitted to EPA and the Army during the public comment period of the rulemaking for the [2015 Rule]," and deny any remaining allegations.  The allegations in the second sentence of Paragraph 55 characterize unidentified comments submitted in a rulemaking process; Federal Defendants aver that any comments submitted in a rulemaking process speak for themselves, are the best evidence of their contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the referenced comments.

56.   The allegations in Paragraph 56 consist of conclusions of law that require no response. They are also vague and ambiguous as to the meaning of "certain wetlands" and "catalog of factors."  To the extent a response could be required, as set forth in the Repeal Rule, Federal Defendants admit only that: in the 2015 Rule, the Agencies added, for the first time, a definition of "neighboring" and the quantitative measures in the definition of "neighboring" did not appear in the proposed rule; and the distance-based limitation for category (a)(8) waters of 4,000 feet of the high tide line or ordinary high water mark of any category (1) through (5) "jurisdictional by rule" water was adopted without adequate notice in violation of the Administrative Procedure Act.  Any remaining allegations in Paragraph 56 are denied.

57.   The allegations in Paragraph 57 consist of conclusions of law that require no response. To the extent a response could be required, Federal Defendants aver that they lack sufficient information to form a belief as to the truth of the allegations and therefore deny those allegations.

58.   The allegations in Paragraph 58 consist of conclusions of law that require no response. To the extent a response could be required, Federal Defendants aver that they lack sufficient information to form a belief as to the truth of the allegations and therefore deny those allegations.

59.   The first sentence of Paragraph 59 is vague and ambiguous as to the meaning of "immediate and significant effect on the States' administration of the National Pollutant Discharge Elimination System permitting program."  The remaining allegations in Paragraph 59 consist of conclusions of law that require no response.  To the extent a response could be required, Federal Defendants aver that they lack sufficient information to form a belief as to the truth of the impact of the 2015 Rule on required expenditures and commitment of resources by each state and therefore deny those allegations.

60.     The first sentence of Paragraph 60 is vague and ambiguous as to the meaning of "immediate and significant effect on the States' administration of the Section 401 certification program."  The remaining allegations in Paragraph 60 consist of conclusions of law that require no response.  To the extent a response could be required, Federal Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the impact of the 2015 Rule on required expenditures and commitment of resources by each state and therefore deny those allegations.

61.     The first sentence of Paragraph 61 is vague and ambiguous as to the meaning of "immediate and significant effects on state sovereign authority."  The remaining allegations in Paragraph 61 consist of conclusions of law that require no response, but to the extent Paragraph 61 could be deemed to contain factual allegations, those allegations are denied.

62.     The allegations in Paragraph 62 are conclusions of law that require no response.  To the extent a response could be required, Federal Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

63.     Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 62 herein.

64.     The allegations in the first sentence of Paragraph 64 consist of conclusions of law that require no response.  The allegations in the second sentence are Plaintiff-Intervenor's characterization of their claims and require no response.  The allegations in the third sentence of Paragraph 64 characterize and quote from unspecified statements by Federal Defendants; Federal Defendants aver that any such statements speak for themselves, are the best evidence of their contents, and no response is required.  Additionally, to the extent a response could be required,

15

Federal Defendants deny the allegations in the third sentence to the extent they are inconsistent with Federal Defendants' statements in the Repeal Rule.

65. The allegations in Paragraph 65 characterize Plaintiff-Intervenor's claims and require no response. Federal Defendants further aver that this is a case for review under the Administrative Procedure Act.

66. The allegations in Paragraph 66 contain conclusions of law that require no response. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 66 and deny those allegations on that basis. The allegations also reference and quote from a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required. To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the referenced decision.

67. The allegations in Paragraph 67 contain conclusions of law that require no response.

68. Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 67 herein.

69. The allegations in the first sentence of Paragraph 69 characterize an order of this Court; Federal Defendants aver that this Court's order speaks for itself, is the best evidence of its contents, and no response is required. To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the Court's order. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 69 and therefore deny those allegations.

70. The allegations in Paragraph 70 describe Plaintiff-Intervenor's request for relief, which requires no response.

71.   Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 70 herein.

72.   The allegations in Paragraph 72 are conclusions of law that require no response.  The allegations also characterize a federal statute that speaks for itself and is the best evidence of its contents.  To the extent that Paragraph 72 could be deemed to contain factual allegations, those allegations are denied to the extent that they are inconsistent with the statute.

73.   The allegations in Paragraph 73 are conclusions of law that require no response.  The allegations also characterize a federal statute that speaks for itself and is the best evidence of its contents.  To the extent that Paragraph 73 could be deemed to contain factual allegations, those allegations are denied to the extent that they are inconsistent with the statute.

74.   The allegations in Paragraph 74 are conclusions of law that require no response.  To the extent a response could be required, as set forth in the Repeal Rule, Federal Defendants admit only that: the broad interpretation of Justice Kennedy's significant nexus standard adopted in the 2015 Rule was a foundational error that propagated throughout the 2015 Rule, misinforming the rule's definitions of "significant nexus," "similarly situated," "tributary," and "adjacent"—as a result, these flaws pervaded the 2015 Rule's entire structure and scope and resulted in a definition of "waters of the United States" that covered waters outside the limits of federal Clean Water Act jurisdiction intended by Congress and reflected in Supreme Court cases; the significant nexus test articulated in the 2015 Rule and the systemic problems associated with its use to justify the definition of "tributary" (which formed the baseline from which to extend the limits of "adjacent" waters and the scope of case-specific significant nexus analyses) resulted in a definition of "waters of the United States" that failed to respect the limits of the "significant nexus" standard articulated in *Solid Waste Agency of Northern Cook County v. U.S. Army Corps*

*of Engineers*, 531 U.S. 159 (2001) ("*SWANCC*") and Justice Kennedy's *Rapanos* concurrence; the 2015 Rule's definition of "significant nexus" was inconsistent with the limiting nature of Justice Kennedy's significant nexus standard, resulting in a definition of "waters of the United States" that exceeded the scope of federal jurisdiction under the Clean Water Act and exceeded the Agencies' statutory authority; under the 2015 Rule, certain nonnavigable, isolated, intrastate waters like those at issue in *SWANCC* would be deemed federally jurisdictional as "adjacent" waters or other waters found on a case-specific basis to have a "significant nexus" with primary waters; the Agencies' expansive interpretation of Justice Kennedy's significant nexus standard, and in particular the Agencies' broad interpretation of the phrase "similarly situated lands in the region," resulted in a definition of "waters of the United States" that included certain isolated ponds and wetlands nearly a mile from the nearest ephemeral "tributary" or that connect only once in a century to waters more traditionally understood as navigable, and thereby pressed the boundaries of federal jurisdiction.  Any remaining allegations are denied.

75.   The allegations in Paragraph 75 consist of conclusions of law that require no response. They are also vague and ambiguous as to the meaning of "these categories of waters."  To the extent a response could be required, as set forth in the Repeal Rule, Federal Defendants admit only that: the broad interpretation of Justice Kennedy's significant nexus standard adopted in the 2015 Rule was a foundational error that propagated throughout the 2015 Rule, misinforming the rule's definitions of "significant nexus," "similarly situated," "tributary," and "adjacent"—as a result, these flaws pervaded the 2015 Rule's entire structure and scope and resulted in a definition of "waters of the United States" that covered waters outside the limits of federal Clean Water Act jurisdiction intended by Congress and reflected in Supreme Court cases; the significant nexus test articulated in the 2015 Rule and the systemic problems associated with its

use to justify the definition of "tributary" (which formed the baseline from which to extend the limits of "adjacent" waters and the scope of case-specific significant nexus analyses) resulted in a definition of "waters of the United States" that failed to respect the limits of the "significant nexus" standard articulated in *SWANCC* and Justice Kennedy's *Rapanos* concurrence; the 2015 Rule's definition of "significant nexus" was inconsistent with the limiting nature of Justice Kennedy's significant nexus standard, resulting in a definition of "waters of the United States" that exceeded the scope of federal jurisdiction under the Clean Water Act and exceeded the Agencies' statutory authority.  Any remaining allegations are denied.

76.    The allegations in Paragraph 76 consist of conclusions of law that require no response. To the extent a response could be required, as set forth in the Repeal Rule, Federal Defendants admit only that: the 2015 Rule's definition of "significant nexus" was inconsistent with the limiting nature of Justice Kennedy's significant nexus standard, resulting in a definition of "waters of the United States" that exceeded the scope of federal jurisdiction under the Clean Water Act and exceeded the Agencies' statutory authority; the 2015 Rule's distance-based limitations were not a logical outgrowth of the proposed rule; and the record for the 2015 Rule did not contain sufficient record support for the distance-based limitations that appeared for the first time in the final rule.  Any remaining allegations are denied.

77.    Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 76 herein.

78.    The allegations in the first sentence of Paragraph 78 characterize a provision of the United States Constitution; Federal Defendants aver that the provision speaks for itself, is the best evidence of its contents, and no response is required.  The allegations in the second and third sentences of Paragraph 78 contain conclusions of law that require no response; they also

characterize a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the Constitution or the referenced Supreme Court decision.

79.    The allegations in the first two sentences of Paragraph 79 contain conclusions of law that require no response; they also characterize two decisions of the Supreme Court; Federal Defendants aver that the decisions speak for themselves and are the best evidence of their contents, and no response is required.  The allegations in the third sentence contain conclusions of law that require no response; they also quote from a Supreme Court decision; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.  The allegations in the fourth sentence in Paragraph 79 are conclusions of law that require no response and are ambiguous as to the meaning of "goes even further."  To the extent a response could be required, Federal Defendants deny the allegations in Paragraph 79 to the extent that they are inconsistent with the referenced Supreme Court decisions.

80.    The allegations in the first sentence of Paragraph 80 characterize and quote from a Federal Register Notice and regulation; Federal Defendants aver that the Notice and regulation speak for themselves, are the best evidence of their contents, and no response is required.  The allegations in the second and third sentences of Paragraph 80 characterize a decision of the Supreme Court; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.  All remaining allegations consist of conclusions of law that require no response.  To the extent a response could be required, Federal Defendants deny the allegations in Paragraph 80 to the extent that they are inconsistent with the referenced Federal Register Notice, regulation, or Supreme Court decision.

81.   The allegations in Paragraph 81 consist of conclusions of law that require no response. To the extent a response could be required, as set forth in the Repeal Rule, Federal Defendants admit only that: the 2015 Rule's definition of "significant nexus" was inconsistent with the limiting nature of Justice Kennedy's significant nexus standard, resulting in a definition of "waters of the United States" that exceeded the scope of federal jurisdiction under the Clean Water Act and exceeded the Agencies' statutory authority; the 2015 Rule's distance-based limitations were not a logical outgrowth of the proposed rule; and the record for the 2015 Rule did not contain sufficient record support for the distance-based limitations that appeared for the first time in the final rule.  Any remaining allegations are denied.

82.   Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 81 herein.

83.   The allegations in Paragraph 83 quote from and characterize a provision of the United States Constitution; Federal Defendants aver that the provision speaks for itself, is the best evidence of its contents, and no response is required.  Federal Defendants deny the allegations to the extent that they are inconsistent with the Constitution.

84.   The allegations in Paragraph 84 contain conclusions of law that require no response; they also characterize a provision of the United States Constitution and a decision of the Supreme Court; Federal Defendants aver that the provision and decision speak for themselves, are the best evidence of their contents, and no response is required.  Federal Defendants deny the allegations to the extent that they are inconsistent with the Constitution or decision.

85.   The allegations in Paragraph 85 contain conclusions of law that require no response; they also quote from and characterize a decision of the Supreme Court; Federal Defendants aver

that the decision speaks for itself, is the best evidence of its contents, and no response is required. Federal Defendants deny the allegations to the extent that they are inconsistent with the decision.

86.    The allegations in the first sentence of Paragraph 86 consist of conclusions of law that require no response.  The allegations in the second sentence of Paragraph 86 quote from and characterize a provision of the United States Constitution; Federal Defendants aver that the provision speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the Constitution.  The allegations in the third sentence of Paragraph 86 characterize and quote from a provision in the Clean Water Act; Federal Defendants aver that the provision speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the statute.  The allegations in the fourth sentence in Paragraph 86 consist of conclusions of law that require no response.  To the extent a response could be required, as set forth in the Repeal Rule, Federal Defendants admit only that: the 2015 Rule expanded jurisdiction over the pre-existing regulatory regime in a manner that encroached on traditional State land-use regulation and the authority of States to regulate State waters; the 2015 Rule altered Federal, State, tribal, and local government relationships in implementing Clean Water Act programs without a clear statement from Congress; and the 2015 Rule would raise significant questions of Commerce Clause authority and encroach on traditional state land-use regulation while generating problematic applications of the Clean Water Act; any remaining allegations are denied.

87.    The allegations in Paragraph 87 consist of conclusions of law that require no response. To the extent a response could be required, as set forth in the Repeal Rule, Federal Defendants

admit only that: the 2015 Rule's definition of "significant nexus" was inconsistent with the limiting nature of Justice Kennedy's significant nexus standard, resulting in a definition of "waters of the United States" that exceeded the scope of federal jurisdiction under the Clean Water Act and exceeded the Agencies' statutory authority; the 2015 Rule's distance-based limitations were not a logical outgrowth of the proposed rule; and the record for the 2015 Rule did not contain sufficient record support for the distance-based limitations that appeared for the first time in the final rule.  Any remaining allegations are denied.

88.   Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 87 herein.

89.   The allegations in Paragraph 89 are conclusions of law that require no response; they also characterize a provision of the National Environmental Policy Act, which is a federal statute that speaks for itself and is the best evidence of its contents.  To the extent that Paragraph 89 could be deemed to contain factual allegations, those allegations are denied to the extent that they are inconsistent with the statute.

90.   The allegations of Paragraph 90 consist of conclusions of law that require no response.

91.   The allegations in the first sentence of Paragraph 91 consist of conclusions of law that require no response.  The allegations in the second sentence of Paragraph 91 characterize unspecified "public pronouncements" by agency officials and the Finding of No Significant Impact document dated May 26, 2015; Federal Defendants aver that any "public pronouncements" and the Finding of No Significant Impact document speak for themselves, are the best evidence of their contents, and no response is required.  Federal Defendants deny the allegations to the extent that they are inconsistent with such "public pronouncements" or the Finding of No Significant Impact.  The allegations in the third sentence in Paragraph 91

characterize public comments submitted by states; Federal Defendants aver that any such comments speak for themselves, are the best evidence of their contents, and no response is required.  Federal Defendants deny the allegations to the extent that they are inconsistent with the referenced public comments.  The remaining allegations in the third sentence of Paragraph 91 consist of conclusions of law that require no response.  The allegations in the fourth and fifth sentences in Paragraph 91 consist of conclusions of law that require no response, but to the extent that these sentences are deemed to contain factual allegations, those allegations are denied.

92.   The allegations in Paragraph 92 consist of conclusions of law that require no response.

93.   Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 92 herein.

94.   The allegations contained in Paragraph 94 contain conclusions of law that require no response; they also characterize a decision of the Eighth Circuit Court of Appeals; Federal Defendants aver that the decision speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the decision.

95.   The allegations in Paragraph 95 are conclusions of law that require no response.  To the extent a response could be required to the first sentence, as set forth in the Repeal Rule, Federal Defendants admit only that: the 2015 Rule exceeded the legal limits on the scope of the Agencies' jurisdiction of the Clean Water Act as intended by Congress and as reflected in Supreme Court cases, including Justice Kennedy's articulation of the significant nexus standard in *Rapanos*; the 2015 Rule established an expansive definition of jurisdictional "tributaries," which in turn provided for *per se* jurisdictional "adjacent" (including "neighboring") waters and

wetlands within specific distance and geographic limits of those tributaries; the 2015 Rule inappropriately established *per se* jurisdiction over features that Justice Kennedy characterized as "drains, ditches, and streams remote from any navigable-in-fact water and carrying only minor water volumes toward it," *Rapanos*, 547 U.S. at 781 (Kennedy, J., concurring); and the Agencies' interpretation of "adjacent" and "neighboring" exceeded the limits of federal Clean Water Act jurisdiction described by Justice Kennedy.  To the extent a response could be required to the second sentence of Paragraph 95, as set forth in the Repeal Rule, Federal Defendants admit only that in defining "tributary" "adjacent," "neighboring," and "significant nexus" broadly so as to sweep within federal jurisdiction many ephemeral "tributaries" as defined in the 2015 Rule, certain remote ditches, and certain isolated ponds and wetlands that, like the isolated ponds and mudflats at issue in *SWANCC*, "bear[ ] no evident connection to navigable-in-fact waters," 547 U.S. at 779 (Kennedy, J., concurring), the 2015 Rule did not give sufficient effect to the term "navigable" in the Clean Water Act.  To the extent a response could be required to the third sentence of Paragraph 95, as set forth in the Repeal Rule, Federal Defendants admit only that the record for the 2015 Rule did not contain sufficient record support for the distance-based limitations that appeared for the first time in the final rule.  Any remaining allegations in Paragraph 95 are denied.

96.    The allegations in Paragraph 96 are conclusions of law that require no response.  They are also vague and ambiguous as to the meaning of "meaningfully guide."  To the extent a response could be required, as set forth in the Repeal Rule, Federal Defendants admit only that: the Agencies are concerned that the 2015 Rule potentially leaves "people in the dark," *Sessions v. Dimaya*, No. 15–1498, 2018 U.S. LEXIS 2497, at *39, 42–43 (S. Ct. Apr. 17, 2018) (Gorsuch, J., concurring in part and concurring in judgment), about the jurisdictional status of individual

isolated ponds and wetlands within their property boundaries until every last similarly situated feature within the watershed boundary of the nearest primary water is analyzed by the Federal government; and the 2015 Rule reached so far into the landscape that it is difficult for private property owners to know whether their lands are subject to federal jurisdiction, creating an expansive and uncertain cloud of potential federal regulation over all water features within an entire watershed.  Any remaining allegations are denied.

97.    The allegations in the first sentence of Paragraph 97 characterize a Federal Register Notice; Federal Defendants aver that the Notice speaks for itself, is the best evidence of its contents, and no response is required.  Federal Defendants deny the allegations to the extent that they are inconsistent with the Notice.  The allegations in the second sentence of Paragraph 97 are conclusions of law that require no response; they are also vague and ambiguous as to the meaning of "intelligible principle."  To the extent that the second sentence could be deemed to contain factual allegations, those allegations are denied.

98.    The allegations in Paragraph 98 are conclusions of law that require no response.  They are also vague and ambiguous as to the meaning of "[t]his lack of clarity is especially problematic."  The allegations further characterize a provision of the Clean Water Act; Federal Defendants aver that the provision speaks for itself, is the best evidence of its contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the allegations to the extent that they are inconsistent with the statute.

99.    The allegations in Paragraph 99 are conclusions of law that require no response.

100.    The allegations in Paragraph 100 are conclusions of law that require no response. To the extent a response could be required, as set forth in the Repeal Rule, Federal Defendants admit only that: the 2015 Rule's definition of "significant nexus" was inconsistent with the

limiting nature of Justice Kennedy's significant nexus standard, resulting in a definition of "waters of the United States" that exceeded the scope of federal jurisdiction under the Clean Water Act and exceeded the Agencies' statutory authority; the 2015 Rule's distance-based limitations were not a logical outgrowth of the proposed rule; and the record for the 2015 Rule did not contain sufficient record support for the distance-based limitations that appeared for the first time in the final rule.  Any remaining allegations are denied.

101.     Federal Defendants incorporate by reference their responses to each and every statement and allegation contained in Paragraphs 1 through 100 herein.

102.     The allegations in Paragraph 102 are conclusions of law that require no response, but to the extent that Paragraph 102 could be deemed to contain factual allegations, those allegations are denied to the extent that they are inconsistent with the Administrative Procedure Act.

103.     The allegations in the first sentence of Paragraph 103 contain conclusions of law that require no response.  The allegations in the first sentence of Paragraph 103 are vague and ambiguous as to the meaning of "substantially changed"; they also characterize provisions of the 2015 Rule and the 2014 proposed rule.  Federal Defendants aver that those rules speak for themselves, are the best evidence of their contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the factual allegations to the extent that they are inconsistent with the rules.  The allegations in the second sentence of Paragraph 103 contain conclusions of law that require no response.  To the extent a response could be required to the allegations in the second sentence, as set forth in the Repeal Rule, Federal Defendants admit only that the quantitative measures in the definition of "neighboring" did not appear in the

proposed rule and were not sufficiently supported in the administrative record for the final rule; any remaining allegations are denied.

104.     The allegations in the first sentence of Paragraph 104 contain conclusions of law that require no response.  The allegations in the first sentence of Paragraph 104 are vague and ambiguous as to the meaning of "substantially changed"; they also characterize provisions of the 2015 Rule and the 2014 proposed rule.  Federal Defendants aver that those rules speak for themselves, are the best evidence of their contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the factual allegations to the extent that they are inconsistent with the rules.  The allegations in the second sentence of Paragraph 104 contain conclusions of law that require no response.  To the extent a response could be required to the allegations in the second sentence, as set forth in the Repeal Rule, Federal Defendants admit only that the preamble of the 2015 Rule created an exception for the codified definition of "in the region" in the Arid West in "situations where the single point of entry watershed is very large" that would be used for conducting a significant nexus evaluation under paragraphs (a)(7) and (a)(8), *see* 80 FR 37092, and this exception was included in the final rule preamble without adequate notice; any remaining allegations are denied.

105.     The allegations in the first sentence of Paragraph 105 contain conclusions of law that require no response.  The allegations in the first sentence of Paragraph 105 are vague and ambiguous as to the meaning of "substantially changed"; they also characterize provisions of the 2015 Rule and the 2014 proposed rule.  Federal Defendants aver that those rules speak for themselves, are the best evidence of their contents, and no response is required.  The allegations in the second sentence of Paragraph 105 contain conclusions of law that require no response.  To the extent a response could be required, as set forth in the Repeal Rule, Federal Defendants admit

only that the 2015 Rule established two types of jurisdictional waters "found after a case-specific analysis to have a significant nexus to traditional navigable waters, interstate waters, or the territorial seas, either alone or in combination with similarly situated waters in the region," 80 Fed. Reg. at 37,058; one of these two categories, (a)(8) waters, consists of all waters located within the 100-year floodplain of any category (1) through (3) "jurisdictional by rule" water and all waters located within 4,000 feet of the high tide line or ordinary high water mark of any category (1) through (5) "jurisdictional by rule" water, *id.* at 37,105; and the distance-based limitations for the (a)(8) waters were adopted without adequate notice in violation of the Administrative Procedure Act—these quantitative measures did not appear in the proposed rule. Any remaining allegations are denied.

106.    The allegations in the first sentence of Paragraph 106 contain conclusions of law that require no response.  The allegations in the first sentence of Paragraph 106 are vague and ambiguous as to the meaning of "substantially changed"; they also characterize provisions of the 2015 Rule and the 2014 proposed rule.  Federal Defendants aver that those rules speak for themselves, are the best evidence of their contents, and no response is required.  To the extent a response could be required, Federal Defendants deny the factual allegations to the extent that they are inconsistent with the rules.  The allegations in the second sentence of Paragraph 106 contain conclusions of law that require no response.  To the extent a response could be required to the allegations in the second sentence, as set forth in the Repeal Rule, Federal Defendants admit only that the preamble of the 2015 Rule created an exception for the codified definition of "in the region" in the Arid West in "situations where the single point of entry watershed is very large" that would be used for conducting a significant nexus evaluation under paragraphs (a)(7)

and (a)(8), *see* 80 FR 37092, and this exception was included in the final rule preamble without adequate notice; any remaining allegations are denied.

107.     The allegations in Paragraph 107 consist of conclusions of law that require no response.  They are also vague and ambiguous as to the meaning of "these and other changes" and "substantive changes."  To the extent a response could be required, as set forth in the Repeal Rule, Federal Defendants admit only that: the 2015 Rule's distance-based limitations were not a logical outgrowth of the proposed rule—these quantitative measures did not appear in the proposed rule; the distance-based limitations for the category (a)(8) waters were adopted without adequate notice in violation of the Administrative Procedure Act; and the 2015 Rule created an exception for the codified definition of "in the region" in the Arid West in "situations where the single point of entry watershed is very large" that would be used for conducting a significant nexus evaluation under paragraphs (a)(7) and (a)(8), *see* 80 FR 37092, and this exception was included in the final rule preamble without adequate notice.  Any remaining allegations are denied.

108.     The allegations in Paragraph 108 consist of conclusions of law that require no response.  To the extent a response could be required, as set forth in the Repeal Rule, Federal Defendants admit only that: the Agencies' analysis of 199 jurisdictional determinations[1] was not made available for public review and comment; and the 2015 Rule was remanded back to the Agencies because the final Connectivity Report,[2] which served as the scientific foundation for the rule, was not made available to the public for review and comment, *see Texas v. EPA*, No.

---

[1] U.S. EPA. Supporting Documentation: Analysis of Jurisdictional Determinations for Economic Analysis and Rule (Docket ID: EPA-HQ-OW-2011-0880-20877), *available at* https://www.regulations.gov/document?D=EPA-HQ-OW-2011-0880-20877.

[2] U.S. EPA. Connectivity of Streams and Wetlands to Downstream Waters: A Review and Synthesis of the Scientific Evidence (Jan. 2015) (EPA/600/R–14/475F).

3:15–cv–162, 2019 WL 2272464 (S.D. Tex. May 28, 2019).  Any remaining allegations are denied.

109.    The allegations in Paragraph 109 consist of conclusions of law that require no response.  To the extent a response could be required, as set forth in the Repeal Rule, Federal Defendants admit only that: the 2015 Rule's distance-based limitations were not a logical outgrowth of the proposed rule—these quantitative measures did not appear in the proposed rule; the distance-based limitations for the category (a)(8) waters were adopted without adequate notice in violation of the Administrative Procedure Act; and the 2015 Rule created an exception for the codified definition of "in the region" in the Arid West in "situations where the single point of entry watershed is very large" that would be used for conducting a significant nexus evaluation under paragraphs (a)(7) and (a)(8), *see* 80 FR 37092, and this exception was included in the final rule preamble without adequate notice.  Any remaining allegations are denied.

The allegations following Paragraph 109 constitute a Prayer for Relief and require no response.

## <u>GENERAL DENIAL</u>

To the extent that any factual allegation in the Complaint in Intervention has not been admitted or specifically responded to, Federal Defendants deny such allegation.

Federal Defendants reserve the right to raise any defense—including, but not limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and 12—that may be supported by the record in the instant action.

Dated: November 22, 2019.                    Respectfully submitted,

                                                    /s/   *Sonya J. Shea*

SONYA J. SHEA
STEPHANIE J. TALBERT
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
T: (202) 514-2741 (Shea)
T: (303) 844-7231 (Talbert)
F: (202) 514-8865
sonya.shea@usdoj.gov
Stephanie.talbert@usdoj.gov

*Counsel for Federal Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2019, I caused a true and correct copy of the foregoing to be served via the court's CM/ECF system on all registered counsel.

        _/s/ Sonya J. Shea_____